**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CARLOS ALAMO, | : | Civil No. 11-5416 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| DONNA ZICKEFOOSE, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> **CARLOS ALAMO**, Petitioner pro se
> #46328-054
> FCI Ray Brook
> P.O. Box 9006
> Ray Brook, New York 12977

**SIMANDLE, Chief Judge**

Petitioner, Carlos Alamo ("Alamo"), is a federal inmate, who was confined at the FCI Fort Dix in Fort Dix, New Jersey, at the time he filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, Alamo challenges a prison disciplinary action, seeking to restore good conduct time and expunge his prison disciplinary record accordingly. Alamo also seeks monetary damages from named respondents/defendants, Donna Zickefoose, Warden at FCI Fort Dix where the disciplinary incident occurred; Captain Fitzgerald; and Disciplinary Hearing

---

[1] It appears that since the filing of this habeas action, Alamo has been transferred to FCI Ray Brook in Ray Brook, New York.

Officer ("DHO") A. Boyce, by also bringing this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

For the reasons set forth below, this Court will sever and dismiss without prejudice Alamo's claims for relief under Bivens. The remaining claims for relief under § 2241 will be allowed to proceed at this time.

## I. BACKGROUND

The following factual allegations are taken from the petition and are accepted for purposes of this screening only. The Court has made no findings as to the truth or validity of Alamo's allegations.

On or about September 27, 2010, Alamo was placed in the Special Housing Unit ("SHU") under an "S.I.S." investigation for attempting to introduce contraband, namely, cell phones and tobacco. On January 11, 2011, Alamo alleges that defendant Captain Fitzgerald threatened him with disciplinary action and a disciplinary transfer after Alamo questioned defendant about his status. On January 17, 2011, Alamo was read his incident report but allegedly was not given a copy of the report after repeated requests, until August 1, 2011. Alamo states that his DHO hearing took place on February 2, 2011.

Alamo alleges that he was denied procedural due process, namely, failure to receive written notice of the charges. He

also contends that he was charged with Code 108 (possession of a hazardous tool), but the written charge states "introduction of hazardous contraband (attempted)." Alamo further argues that cell phones and tobacco at that time were considered contraband under Code 305, and not Code 108.

Alamo seeks to have his good conduct time restored and to have his prison disciplinary record expunged. He also seeks money damages from defendants. Accordingly, on September 20, 2011, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a civil complaint seeking money damages for civil rights violations pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

At the time he submitted his habeas action for filing, Alamo neither prepaid the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor submitted a complete application to proceed in forma pauperis, as required for habeas actions pursuant to Local Civil Rule 81.2(b). Further, to the extent that Alamo is seeking to bring this action as a civil Complaint for money damages under Bivens, he also failed to

---

[2] The Court notes that Alamo has attached copies of his incident report and the DHO Report regarding the prison disciplinary incident at issue. The Court further notes that Alamo does not allege anywhere in his petition that he exhausted his administrative remedies before proceeding with this petition, or his Bivens claim.

either pay the $350.00 filing fee required for such actions and did not submit a complete application to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

On October 11, 2011, Alamo paid the $5.00 filing fee for habeas actions under L.Civ.R. 54.3(a). On January 17, 2012, Alamo wrote to the Court with Notice of a change of Address. (Docket entry no. 2).

## II. ANALYSIS

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Alamo is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

In <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973), the Supreme Court left open the question whether a habeas petition is available to challenge prison conditions. 411 U.S. at 499-500. The Court of Appeals for the Third Circuit has held, however, that a district court does not have subject matter jurisdiction under 28 U.S.C. § 2241 over a habeas petition that does not challenge the fact or duration of confinement. <u>Royce</u>, 151 F.3d at 118.

"The label placed on a petition, however, is not determinative." <u>Id</u>. A mis-labeled petition "should not be dismissed until other legitimate avenues of relief are administered." <u>Id</u>.

Here, with respect to Alamo's <u>Bivens</u> claim seeking money damages for alleged procedural due process violations, Alamo is not attacking the ultimate duration of his confinement. Moreover, because Alamo is seeking money damages, which relief is not available in a habeas action, such claim can be brought only as a civil rights action under <u>Bivens</u>, not a habeas corpus action under § 2241. Accordingly, the Court does not have subject matter jurisdiction under § 2241 to consider Alamo's <u>Bivens</u> claim for money damages in this § 2241 habeas action.

Pursuant to the rule announced in <u>Royce</u>, however, the Court will sever the <u>Bivens</u> claim from the habeas petition seeking to restore good conduct time and expunging his prison disciplinary

5

record, and direct the Clerk of the Court to docket the severed matter as a separate civil rights action under <u>Bivens</u>. If Alamo seeks to proceed with a separate civil complaint under <u>Bivens</u>, then he must file the appropriate filing fee of $350.00 for civil complaints, or submit a proper application to proceed *in forma pauperis* ("IFP").

Alamo's habeas petition under § 2241 seeks to restore good conduct time, which affects the length or duration of his federal sentence. Consequently, Alamo's habeas claim may be cognizable under § 2241, and should be allowed to proceed at this time upon the above-captioned docket since he has paid the requisite filing fee. Accordingly, the Court will direct that the respondents answer the petition and provide the relevant administrative record regarding the remaining habeas claims.

## **CONCLUSION**

Based on the foregoing, Alamo's <u>Bivens</u> claim seeking monetary damages for procedural due process violations in his prison disciplinary proceedings will be dismissed without prejudice for lack of subject matter jurisdiction at this time. The <u>Bivens</u> action will be severed from this habeas action, and a new docket will be opened for further proceedings with respect to these civil rights claims under <u>Bivens</u>. However, the remaining habeas claims in this petition will be allowed to proceed at this time, and the Court will direct the respondents to provide an

answer with the relevant record within the time prescribed by the Rules of the Court.  An appropriate Order accompanies this Opinion.


                                         s/ Jerome B. Simandle
                                         JEROME B. SIMANDLE, Chief Judge
                                         United States District Court

Dated:    **June 15, 2012**