UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS ALAMO, | Civil No. 11-5416 (JBS) |
| Petitioner, | |
| v. | **ORDER** |
| DONNA ZICKEFOOSE, et al., | |
| Respondents. | |

FOR THE REASONS expressed in the Opinion filed herewith,

IT IS on this **15th** day of **June**, 2012,

ORDERED that Petitioner's claim for money damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)(the "Bivens action"), is DISMISSED WITHOUT PREJUDICE, for lack of subject matter jurisdiction in an action for habeas relief under 28 U.S.C. § 2241; and it is further

ORDERED that Petitioner's Bivens action shall be severed and treated as a civil complaint; and it is further

ORDERED that the Clerk of the Court shall assign the Bivens action a separate docket number; and it is further

ORDERED that, in connection with the Bivens action, the Clerk of the Court shall file in that action a copy of the Petition, this Order, and the Opinion filed herewith; and it is further

ORDERED that, in connection with the Bivens action, that the Clerk of the Court shall administratively terminate the Bivens case due to Plaintiff's failure to submit a complete application to proceed in forma pauperis or pay the $350.00 filing fee, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar *if it was originally filed timely*, see Houston v. Lack, 487 U.S. 266 (1988)(prisoner mailbox rule); McDowell v. Delaware State Police, 88 F.3d 188, 191 (3d Cir. 1996); see also Williams-Guice v. Board of Education, 45 F.3d 161, 163 (7th Cir. 1995); and it is further

ORDERED that, in connection with the Bivens action, the Clerk of the Court shall supply to Plaintiff a blank form Application to Proceed In Forma Pauperis; and it is further

ORDERED that if Plaintiff wishes to reopen his Bivens action, he shall so notify the Court, in writing addressed to the Clerk of the Court, Mitchell H. Cohen U.S. Courthouse, 4th and Cooper Streets, Room 1050, Camden, New Jersey 08101, within 30 days of the date of entry of this Order; Plaintiff's writing shall include either (1) a complete in forma pauperis application, including an affidavit of indigence, **and** six-month prison account statement, signed and certified by an authorized officer of the institution where he is confined, or (2) the $350 filing fee; and it is further

ORDERED that, in connection with the <u>Bivens</u> action, upon receipt of a writing from Plaintiff stating that he wishes to reopen his <u>Bivens</u> case, and either a complete <u>in forma pauperis</u> application or filing fee within the time allotted by this Court, the Clerk of the Court will be directed to reopen the <u>Bivens</u> case; and it is further

ORDERED that with respect to the remaining habeas action asserted by Petitioner herein, the Clerk of the Court shall serve copies of the Petition, this Order, and all other documents docketed in this matter upon Respondents by certified mail, return receipt requested, with all costs of service advanced by the United States; and it is further

ORDERED the Clerk shall forward, electronically or by regular mail, a copy of the Petition, and this Order to the Chief, Civil Division, United States Attorney's Office, 970 Broad Street, Room 700, Newark, NJ 07102; and it is further

ORDERED that, in accordance with Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 cases through Rule 1(b), <u>see</u> 28 U.S.C. § 2254 Rules 1(b), 4, this Court has screened the remaining Petition for dismissal and determined that dismissal without an answer and the record is not warranted; and it is further

ORDERED that, within **30** days after the date of entry of this Order, Respondents shall electronically file a full and complete answer to said § 2241 Petition, which responds to the factual and

legal allegations of the Petition paragraph by paragraph; and it is further

ORDERED that the answer shall state the statutory authority for Petitioner's detention, see 28 U.S.C. § 2243; and it is further

ORDERED that Respondents shall raise by way of the answer any appropriate defenses which Respondents may wish to have the Court consider, including, but not limited to, exhaustion of administrative remedies, and also including, with respect to the asserted defenses, relevant legal arguments with citations to appropriate legal authority; and it is further

ORDERED that Respondents shall electronically file with the answer certified copies of the administrative record and all other documents relevant to Petitioner's claims; and it is further

ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:

"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX" or

"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY";

and it is further

ORDERED that Petitioner may file and serve a reply in support of the Petition within 30 days after the answer is filed; and it is further

4

ORDERED that, within seven days after any change in Petitioner's custody status, be it release or otherwise, Respondent shall electronically file a written notice of the same with the Clerk of the Court; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.


    **s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

5